UNITED STATES DISTRICT COURT
FOR THE ASTERN DISTRICT OF
NEW YORK

MAURENE BROWN PHILLIPS

    Plaintiff,

    -against-

MIDLAND FUNDING LLC
D/B/A IN NEW YORK AS MIDLAND
FUNDING OF DELAWARE, LLC
COHEN & SLAMOWITZ, LLP

    Defendant(s)

CV 12-0182

Civil Action No. _____

COMPLAINT AND DEMAND FOR
JURY TRIAL

(Unlawful Debt Collection Practices)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 13 2012 ★

BROOKLYN OFFICE

REYES, M.J

INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. (hereinafter called "FDCPA") and the State of New York General Business Law, Sections 38 to 380 (2005), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiff, by and through Counsel, in the above styled cause, and for her Complaint against the Defendants Midland Funding LLC d/b/a Midland Funding of Delaware, LLC and Attorneys Debt Collectors, the Law Offices of Cohen & Slamowitz, LLP state as follows:

JURISDICTION & VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. Section 169k(d), 28 U.S.C. Section 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C Sections 2201 and

2202. Venue is proper in that the defendant transacted business here and the conduct complained of occurred here in violation of the Strict Liability Federal Statute.

PARTIES

3.  Maurene Brown Phillips, is a natural person residing in the County of Queens, State of New York.

4.  Plaintiff is a "consumer", as codified at 15 U.S.C. Section 1681a(c ).

5.  Defendant, Cohen & Slamowitz, is a Limited Liability Partnership in the State of New York State, engaged in business of attorney debt collection services and located at 199 Crossways Park Drive, Woodbury, New York 11797. The principal purpose of Defendant business is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

6.  Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. Section 1692a.

7.   Defendant, Midland Funding LLC, d/b/a in New York as Midland Funding of Delaware, LLC is a foreign corporation that engages in business in the Eastern Division of this District and engaged in business of debt collection services. The principal purpose of defendant business is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

8.  Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. Section 1692a.

FACTUAL ALLEGATIONS

9.  The Defendants commence a collection action based on breach of contract against plaintiff in the Civil Court, Queens County on a debt she doesn't owe. The action claimed that the plaintiff owed about $4,657.89. This was undertaken by the debt collection attorneys, Cohen & Slamowitz without meaning review in violation of FDCPA. The Debt

Collector Midland Funding, LLC d/b/a in New York as Midland Funding of Delaware, LLC also failed to make reasonable investigation of the purported debt and also pursued what would have amounted to a time barred debt and which plaintiff would have had no legal obligation to pay and doesn't owe. The case was dismissed on or about January 13, 2011 at the trial day because the debt collectors did not produce any proof that the plaintiff owed such a debt. The case was entitled Midland Funding LLC d/b/a in New York as Midland Funding of Delaware, LLC - Index No.: 099718/2009.

FIRST CLAIM FOR RELIEF: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

10. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

11. Defendants violated the FDCPA. Defendants violations include, but not limited to, the following:

(a). The defendants violated 15 U.S.C. Section 1692c(c ) by contacting the plaintiff after the plaintiff had requested the Defendant cease communication with plaintiff.

(b). The Defendant violated 15 U.S.C. Section 1692g(b) by failing to provide verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the U.S.C. Section 1692g debt validation rights.

12. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

13. The defendants are engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person, on numerous occasions, in connection with collection of debts, defendant has violation of Section 806(2) of the FDCPA, 15 C. g 1692d.

14 Plaintiff has used false, deceptive, or misleading representations or means, in violation of Section 807 of FDCPA, 15 U.C. 1692e, including but not limited to the following:

Falsely representing the character, amount, or legal status of any debt, in violation of Section 807 (2) (A) of the FDCPA, 15 C. 1692e(2)(A)

15. There were multiple violations of Section 1692e (2) (a) and 1692e (10) for the false representation of the character, amount, or legal status of any debt.

16. Violations of Section 1692e (8) communicating information which is known to be false.

17. A debt collector may not use unfair or unconscionable means to collect or attempt an alleged debt. FDCPA Section 808 and 15 USC 1692f.

18. Falsely attempting to collect a debt when there was no legal basis to collect a disputed debt and continued to pursue a frivolous claim they knew or should have known that their actions were frivolous.

19. All actions of the defendant were done with malice and bad faith, were done willfully, and were done with either the desire to harm plaintiff and/or with the knowledge that its actions would likely harm plaintiff and/or that its actions were taken in violation of the law.

20. Defendants actions were malicious, fraudulent and outrageous and hence entitle the plaintiff to punitive damages. Defendant violated the Fair Debt Collection Practices Act (FDCPA) by reporting false and inaccurate credit information and attempting to collect a

debt that it had no legal right to collect. The effect of this error on the plaintiff's credit report has been to substantially affect her credit report and, upon information and belief, her credit score.

21. The conduct of defendants have proximately caused plaintiff past and future monetary loss, past and future damage to my credit and credit worthiness, loss of business opportunities, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

22. It is a practice of the Plaintiff to maliciously, willfully, recklessly, wantonly and/or negligent ignore and refuse to follow the requirements of the FDCPA.

23. All actions taken by employees, agents, servants, or representatives of any type for defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

24. All actions taken by defendants were done with malice, were done willfully, and were done with either the desire to harm plaintiff and/or with knowledge that its actions would very likely harm plaintiff and/or that its actions were taken in violation of the law.

25. Defendants have engaged in a pattern of wrongful and unlawful behavior with respect to accounts and consumer reports and as such defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar conduct by defendants and similar companies.

26. Threatening to communicate to any person credit information that is incorrect representing that nonpayment of any debt

27. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C. Section 1692e. As an

example of such conduct, Section 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt." Section 1692f states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." New York General Business law Section 349.

28. It is not necessary for plaintiff to allege or to prove actual damages to recover statutory damages.

29. As a result of the above violations of the FDCPA, plaintiff is entitled to an award of statutory damages, costs and attorney's fees.

30.    As a result of the above violations of the FDCPA, the Plaintiff is liable to the Defendant for damages for violation of FDCPA.

SECOND CLAIM FOR RELIEF: DECEPTIVE BUSINESS PRACTICES

31. The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

32. As a result of the foregoing acts and practices of Unfair and Deceptive Acts and Practices, damages have been sustained by the plaintiff, as defendants have violated the provisions of GBL 349 and UDAP which prohibits unfair and deceptive practices in the conduct of any business, defined as a course of conduct having the capacity, tendency or effect of deceiving or misleading consumers. The Defendants also made false representation of the character, amount, or legal status of the purported debt. Defendants unfair and deceptive business practices have a broad impact on consumers at large because it is representative of the way defendants do business with all its customers.

33. The defendants have engaged in a nationwide scheme of illegal, unfair, unlawful, and deceptive business practices that violate both federal and state law in the servicing of credit/loan transactions and in the provision of certain related services.

34. The defendants routinely seeks to collect and does collect various improper fees, costs and charges, including improper prepayment penalties, excessive interest charges, account overcharges and other fees that are either not legally due under the retail installment contract or applicable law, or that are in excess of amounts legally due.

THIRD CLAIM FOR RELIEF – DEFAMATION

35. The Plaintiff repeats and realleges each paragraph above as if set forth fully herein.

36. The defendants maliciously defamed the plaintiff by its knowing publication to third-parties reports containing the account, and the fact that it was in a delinquent status, and which falsely described it as an obligation of the Plaintiff.

37. The Defendants had actual knowledge of the false, inaccurate and misleading nature of such information and published it despite having such knowledge.

38. The Defendants' actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

39. Defendants reporting to the credit reporting agencies that Plaintiff was delinquent and overdue in her payment of the Note constituted the tort of defamation.

40. Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted. Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff. Defendants were notified of inaccuracies by plaintiff however; the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiff. Defendants have, with willful intent to injure and/or maliciously, defamed plaintiff.

41. Defendants reported derogatory, false, inflammatory remarks to others, contrary to the Common Law, and therefore committed defamation and plaintiff claims damages therefore.

42. As a direct and proximate result of defendants defamation, plaintiff has suffered extreme mental anguish, a loss of reputation, a loss of ability to obtain credit, physical illnesses and symptoms, resulting pain and suffering, disability, pecuniary damages, a loss of ability to earn money, and an aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

43. Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiffs with reckless disregard for the truth of the matters asserted.

44. Defendants publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiffs and caused severe humiliation, emotional distress and mental anguish to plaintiff.

45. Defendants were notified of inaccuracies and problems by plaintiffs however; the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiff.

46. Defendant acted with willful intent and malice to harm Plaintiff.

47. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

48. The Plaintiff is entitled to an award of punitive damages from the defendants in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to other to prevent the occurrence of such egregious conduct in the future. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

49.  The Plaintiff is entitled to an award of punitive damages from the defendants in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to other to prevent the occurrence of such egregious conduct in the future.

50. Defendants act were malicious, willful, wanton and to the total disregard of Plaintiff's just rights.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against all the defendants.

FOURTH CLAIM FOR RELIEF: EMOTIONAL DISTRESS (Intentional and Negligent Infliction of Emotional Distress)

51. The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

52. As a result of the acts alleged above, Plaintiff suffered headaches, nausea, loss of appetite, nightmares, insomnia, night sweats, emotional paralysis, inability to think or function at work, shortness of breath, anxiety, nervousness, fear, worry, irritability, hysteria, embarrassment, humiliation, indignation, loss of time from work, pain and suffering and expenses.

53.  As a result of the above violations, the defendants are liable to the plaintiff for actual damages, statutory damages, punitive damages and attorney fees and costs.

54.  Defendants willfully, intentionally and/or negligently acted in reckless disregard for the health and well-being of plaintiff.

55.  Defendants either intended or caused plaintiff emotional distress or knew or should have known that their actions would cause emotional distress, that their conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized community,

that their conduct was the proximate cause of plaintiff's psychic injury, and that the resultant emotional distress was serious, such that a reasonable person normally constituted, would be unable to cope adequately with mental distress generated by the circumstances.

56. As a result of defendants willful and/or negligent conduct, plaintiff has suffered humiliation, anxiety, and emotional distress and is entitled to an award of damages in an amount to be determined at trial, against defendants. Defendant is liable to the plaintiff for actual damages, statutory damages, punitive damages and attorney fees and costs.

FIFTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 AGAINST ALL DEFENDANTS

57. The Plaintiff repeats and realleges all paragraphs above as if set forth fully herein.

58. The Plaintiff incurred substantial cost is attempting to repair her credit. Defendants, through their actions, inactions and fault, as described herein, caused great and irreparable injury to plaintiff. Plaintiff is entitled to an order commanding the defendants to reinvestigate and correct the credit reporting and other information maintained and published about plaintiff.

59. As a result of the foregoing, pursuant to 28 U.S.C. Section 2201, the plaintiff is entitled to a declaratory judgment declaring that the Defendants are responsible for and shall indemnify the plaintiff for her damages, expenses and including attorney's fees.

184. As a result of the foregoing, pursuant to 28 U.S.C. Section 2201, the plaintiff is entitled to a declaratory judgment that the defendants are responsible for and shall indemnify the plaintiff for any costs, damages and expenses and including attorney's fees.

PUNITIVE DAMAGES AGAINST THE DEFENDANTS

Plaintiff would further show that the acts and omissions of defendants complained of herein

were committed fraudulently, with malice or reckless indifference to the protected rights of

the plaintiff. In order to punish said defendants for engaging in fraudulent and unlawful

business practices, and to deter such actions and/or omissions in the future, Plaintiff also

seeks recovery from defendants for punitive damages.

DEMAND FOR JURY TRIAL

Plaintiff, by and through her undersigned Counsel, hereby demands a trial by jury of all

issues so triable as a matter of law pursuant to Rule 38 of the federal Rules of Civil

Procedure.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the

Defendants for the following:

      A.  Declaratory judgment that Defendants conduct violated FDCPA;

      B.  Declaratory judgment that Defendants conduct violated GBL;

      C.  Judgments for plaintiff on all her claims;

      D.  Actual damages in the amount to be determined by the judge or jury;

      E.  Exemplary relief in the amount to be determined by judge or jury;

      F.  Consequential damages in the amount to be determined by the judge or jury;

      G.  Treble damages to be awarded to Plaintiff as and against the Defendants.

      H.  Statutory damages pursuant to 15 U.S.C. Section 1692K and other applicable

provisions of the law. Statutory damages as specified in 15 USC 1692K in the amount of

$1000 X (times) each occurrence/violation or so deemed by the judge or jury:

I. Statutory damages pursuant to GBL 349 and other applicable provisions of the law. Statutory damages as specified in GBL 349 (a) in the amount of $1000 or so deemed by the judge or jury;

J. Punitive damages in the amount to be determined by the judge or jury;

K. Injunctive relief

L. Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692 and other applicable provisions of the law;

M. Damages to be awarded against the defendants jointly and severally.

N. For such other and further relief as may be just and proper.

Dated: New York, New York
       January 13, 2012

Respectfully submitted,

/s/ Osita Okocha

By: _____

OSITA OKOCHA
110 Wall Street, 11th Floor
New York, NY 10005
Phone: (212) 709-8143
Fax: (212) 943-2300
E-mail: LAWOSSY@aol.com

## VERIFICATION

OSITA OKOCHA, affirms under the penalty of perjury:

That I am an attorney admitted to practice law in the Eastern District of New York and the attorney of record for the Plaintiff with office located at 110 Wall Street, 11 Floor, Borough and County of New York, and I am acquainted with the facts and circumstances of the within action.

That your affirmant has read the foregoing COMPLAINT and knows the content thereof; that the VERIFIED COMPLAINT set forth therein stated to be alleged on information and belief and as to those matters I believe them to be true, said knowledge and belief are based upon my interviews with my Client-Plaintiffs and the case file.

That this verification is made by me and not by PLAINTIFF because she resides outside the borough where my office is located.

DATED: New York, New York
      January 13, 2012

/s/ Osita Okocha

_____
OSITA OKOCHA, ESQ.

UNITED STATES DISTRICT COURT
FOR THE ASTERN DISTRICT OF
NEW YORK

_____

MAURENE BROWN PHILLIPS

                Plaintiff,

        -against-

MIDLAND FUNDING LLC
D/B/A IN NEW YORK AS MIDLAND
FUNDING OF DELAWARE. LLC
COHEN & SLAMOWITZ. LLP

                Defendant(s)

_____

Civil Action No. _____

COMPLAINT AND DEMAND FOR
JURY TRIAL

(Unlawful Debt Collection Practices)

============================================================

# COMPLAINT

OSITA OKOCHA
Attorney for Plaintiff
110 Wall Street, 11th Floor
New York, New York 11691
Tel: 212 709-8143
Fax: 212 943-2300
Email: LAWOSSY